Bin v. Garland

BIA
A078 257 662

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-one.

PRESENT:
        JOSÉ A. CABRANES,
        REENA RAGGI,
        DENNY CHIN,
            *Circuit Judges.*
_____

WEI SUN BIN, A.K.A. BIN SUN WEI,
        *Petitioner*,

        v.                                          **19-1836**
                                                    **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jean Wang, Esq., Wang Law Office, PLLC, Flushing, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Claire L. Workman, Senior Litigation Counsel, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Wei Sun Bin, a native and citizen of the People's Republic of China, seeks review of a June 10, 2019, decision of the BIA denying his motion to reconsider and reopen. *In re Wei Sun Bin,* No. A 078 257 662 (B.I.A. June 10, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). It is undisputed that Bin's 2018 motion was untimely filed more than 15 years after his 2002 removal order. 8 U.S.C. § 1229a(c)(6)(B) (30-day deadline for motion to reconsider), (7)(C)(i) (90-day deadline for motion to reopen). The BIA concluded that, even if the untimely filing was excused, Bin failed to establish his prima facie eligibility for cancellation of removal. *See*

*INS v. Abudu*, 485 U.S. 94, 104 (1988).

For a non-permanent resident, like Bin, to be eligible for cancellation, he must have accrued 10 years of continuous physical presence in the United States. 8 U.S.C. § 1229b(b)(1)(A). In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires a notice to appear ("NTA") to include a hearing time and place to trigger the "stop-time rule," ending the accrual of physical presence for cancellation. 138 S. Ct. 2105, 2113-20 (2018). After *Pereira*, the BIA held that when an NTA omits hearing information, the accrual of time stops when the missing information is provided in a hearing notice. *See Matter of Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520, 529 (B.I.A. 2019). The Supreme Court has since rejected the BIA's position, holding that an NTA that does not contain a hearing date and time is not cured for purposes of the stop-time rule by a subsequent notice of hearing that provides the missing information. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485-86 (2021) (requiring the Government to issue a single NTA containing all statutorily required information rather than providing the information in separate documents).

Accordingly, the BIA erred in determining that Bin failed to establish his prima facie eligibility for cancellation because he had not accrued the requisite physical presence. *See Abudu*, 485 U.S. at 104. Further, although we lack jurisdiction to review the BIA's decision insofar as it declined to reconsider or reopen proceedings sua sponte, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), we remand when, as here, the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).[1]

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further consideration in light of *Niz-Chavez v. Garland*.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] The government does not argue, and we therefore do not consider, whether Bin's accrual of continuous presence was halted upon entry of a final order of removal, but we do not foreclose consideration of this question on remand.